# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK WHEELER,<br><br>            Plaintiff,<br><br>     v.<br><br>BARACK OBAMA, et al.,<br><br>            Defendants. | Case No.: 1:12-cv-01815 - AWI - JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER |

John Frederick Wheeler ("Plaintiff") seeks to proceed *pro se* in this action initiated on November 5, 2012. Plaintiff has been declared a vexatious litigant by this Court, and pre-filing restrictions have been imposed.[1] Specifically, on September 10, 2012, the Court ordered: "As a pre-filing condition to initiating any new action before the Court, Plaintiff **SHALL** (1) attach a copy of [the vexatious litigant] Order to his Complaint **and** (2) pay the requisite filing fee." *Wheeler v. United States*, Case. No. 1:12-cv-00641-LJO-JLT (Doc. 18 at 11). Although Plaintiff now seeks to initiate a new action before the Court, he has failed to comply with the Court's order.

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The Court's records are sources whose accuracy cannot reasonably be questioned, and judicial notice may be taken of the records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).Therefore, judicial notice is taken of the Court's records in *Wheeler v. United States,* Case No.1:12-cv-00641-LJO-JLT.

1

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within 14 days** of the date of service of this Order why the action should not be dismissed for failure to comply with the Court's order, or in the alternative, to comply with the pre-filing conditions ordered by the Court.

IT IS SO ORDERED.

Dated:   **November 16, 2012**          **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE