UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK WHEELER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BARACK OBAMA, et al.,<br><br>　　　　　Defendants. | ) Case No.: 1:12-cv-01815 - AWI - JLT<br>)<br>) ORDER GRANTING PLAINTIFF'S MOTION FOR<br>) EXTENSION OF TIME<br>)<br>) (Doc. 5)<br>)<br>) FINDINGS AND RECOMMENDATIONS<br>) DISMISSING THE ACTION FOR PLAINTIFF'S<br>) FAILURE TO COMPLY WITH THE COURT'S<br>) ORDER AND PRE-FILING RESTRICTIONS |

John Frederick Wheeler ("Plaintiff") seeks to proceed *pro se* and *in forma pauperis* in this action initiated on November 5, 2012. For the following reasons, the Court recommends the action be **DISMISSED**.

I. **Procedural Background**

Plaintiff was declared a vexatious litigant by this Court, and pre-filing restrictions have been imposed.[1] Specifically, on September 10, 2012, the Court ordered: "As a pre-filing condition to initiating any new action before the Court, Plaintiff **SHALL** (1) attach a copy of [the vexatious litigant]

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The Court's records are sources whose accuracy cannot reasonably be questioned, and judicial notice may be taken of the records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981.Therefore, judicial notice is taken of the Court's records in *Wheeler v. United States,* Case No.1:12-cv-00641-LJO-JLT.

Order to his Complaint **and** (2) pay the requisite filing fee." *Wheeler v. United States*, Case. No. 1:12-cv-00641-LJO-JLT (Doc. 18 at 11). Although Plaintiff now seeks to initiate a new action before the Court, he failed to comply with the Court's order.

On November 19, 2012, the Court issued an order to show cause to demonstrate why the action should not be dismissed for Plaintiff's failure to comply with the Court's order, or in the alternative, to comply with the pre-filing conditions ordered by the Court. (Doc. 4). Plaintiff filed his response to the Court's order on December 3, 2012.[2] (Doc. 7).

In his response, Plaintiff takes issue with the vexatious litigant order. In particular, he complains that it is unfair to impose the requirement that he pay the filing fee given his limited financial resources. However, notably, before Plaintiff was declared vexatious, he filed no fewer than fourteen actions that were frivolous and lacking in merit. *See Wheeler v. United States*, Case No. 1:12-cv-00641 (Doc. 18) ("Order Declaring Plaintiff a Vexatious Litigant and Imposing Pre-Filing Restrictions"). Before this occurred, Plaintiff was warned repeatedly that continuing to file frivolous cases would result in an order declaring him to be vexatious. Despite this warning, Plaintiff continued completely undeterred.

Finally, though Plaintiff makes much of the burden of paying the filing fee places on him, he ignores completely, the burden his repeated filing of cases that lack any semblance of merit, places on this Court. He is advised that this District carries the highest weighted caseload per judge of any court in the entire federal system and it cannot allow itself to by hijacked by one litigant who chooses to use the Court's limited judicial resources as a form of personal entertainment; this cannot and will not be tolerated.

**II.     Failure to Obey the Court's Order**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions

---

[2] Plaintiff filed a motion for an extension of time to file his response, requesting the Court consider his response to the order to show cause as timely. (Doc. 4). Plaintiff's motion for extension of time is **GRANTED.**

2

including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, based on a party's failure to obey a court order. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (same).

### III.   Discussion and Analysis

In determining whether to dismiss an action for failure to prosecute and failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986); *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. Plaintiff was declared a vexatious litigant for his frequent filing of unmeritorious claims, which forced the Court to expend its limited judicial resources reviewing his complaints. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Finally, the Court's warning to Plaintiff that failure to comply with the Court's orders would result in dismissal satisfies the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. In the order to show cause, the Court warned that it "may dismiss an action with prejudice, based upon a party's failure to prosecute an action or failure to obey a court order . . ." (Doc. 4 at 2). Thus, Plaintiff had adequate warning that dismissal would result from his failure to comply with the Court's order. Given these facts, the Court finds the policy favoring disposition of cases on the merits is outweighed by the factors in favor of dismissal.

### IV.   Findings and Recommendations

The factors set forth by Ninth Circuit weigh in favor of dismissal of the action. Therefore, the Court is within its discretion to dismiss the action for Plaintiff's failure to comply with the Court's

1  orders and pre-filing restrictions.

2  Accordingly, **IT IS HEREBY RECOMMENDED**:

3  1. Plaintiff's Complaint be **DISMISSED without prejudice**; and

4  2. The Clerk of Court be DIRECTED to close this action.

5  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 7, 2012**           **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE